98 N. J. L.                        Housman v. Earle.

CLARENCE J. HOUSMAN, RELATOR, v. A. WILFRID EARLE, RESPONDENT.

Submitted March 21, 1923—Decided May 10, 1923.

1. In a proceeding on an information in the nature of a *quo warranto*, at the instance of a private relator, it is not necessary to obtain the consent of the attorney-general to the proceeding.
2. The granting or withholding of leave to file an information in the nature of a *quo warranto*, at the instance of a private relator, rests in the sound discretion of the Supreme Court.
3. The amendment of 1922 to the Commission Government act (*Pamph. L., p.* 214), which prescribed the method of filling a vacancy among the commissioners of a municipality by the remaining commissioners, does not make it necessary that a majority vote of all the members is necessary for the filling of the vacancy; a majority of a quorum is sufficient.

On application for leave to file an information, &c.

Before Justices KALISCH, BLACK and KATZENBACH.

For the petitioner, *Lum, Tamblyn & Colyer (Ralph E. Lum,* of counsel).

*Contra. Robert II. McCarter* and *Thomas P. Fay.*

The opinion of the court was delivered by

KALISCH, J. Long Branch has a commission government, consisting of five commissioners. A regular meeting of the commissioners was called to order on the evening of November 7th, 1922, and in the absence of a quorum the meeting was adjourned to the morning of the following day, at eleven o'clock, and there still being no quorum present, an adjournment was taken till two o'clock in the afternoon, and the same condition still existing an adjournment was taken till eight o'clock in the evening when a quorum was present.

The stipulated facts are as follows:

"1. That Mayor Housman, the relator herein, had notice of the meeting and the adjournments and knew of the meeting of November 8th, at eight o'clock."

"2. That Mayor Housman had been removed from the hospital to his home before last mentioned meeting."

"3. That the Board of Commissioners, on November 8th, 1922, was composed of Frank L. Howland, John W. Flock, Thomas Beatty, Samuel B. Zartman, and the relator, Clarence J. Housman, who was also mayor."

All these commissioners, with the exception of Clarence J. Housman, were present at the last adjourned meeting. The meeting having been called to order, John W. Flock, one of the commissioners, presented his resignation, to take effect immediately, to the board which was accepted, and the board then proceeded with the election of a successor to Mr. Flock.

A. Wilfred Earle was placed in nomination for the office for the unexpired term, and the nomination being seconded, and upon a vote being taken, two of the commissioners voted for him and the other abstained from voting, whereupon Mr. Earle was declared elected.

The petitioner, Clarence J. Housman, as a citizen of Long Branch and a taxpayer, asks for leave of this court to file an information in the nature of a *quo warranto,* to the end that election of Mr. Earle may be declared a nullity.

The validity of Mr. Earle's election is assailed upon the ground that upon Mr. Flock's resignation there remained four commissioners and that in order to validly elect a successor to Mr. Flock, three of them must vote for such nominee.

But before considering this contention we will first proceed to consider and dispose of the claim made by counsel of respondent, in their brief, that the proceedings taken on behalf of the petitioner are irregular because he has not obtained the permission of the attorney-general to make this application. This is not necessary. *Miller* v. *Seymour,* 67 *N. J. L.* 482; *Hann* v. *Bedell, Id.* 150; *Holloway* v. *Dickinson,* 69 *Id.* (at *p.* 73).

We now take up for consideration the claim of counsel of petitioner that it required three affirmative votes in order to elect Mr. Earle.

The argument advanced to sustain this contention is that the second section of the Walsh act dealing with the subject of vacancies was amended by chapter 120 of the laws of 1922 (*Pamph. L.* 1922, *p.* 214) and, among other things, provides: "Should any vacancy occur among such commissioners, the remaining commissioners shall within thirty days thereafter, elect a properly qualified person to fill such vacancy to serve for the unexpired term," and, therefore, all of the remaining commissioners must be present and participate in the election. Furthermore, section 3 of the Walsh act governing the form of procedure was amended by chapter 193 of the laws of 1916 (*Pamph. L.* 1916, *p.* 406), which section, among other things, provides: "A majority of the members of the board of commissioners constitutes a quorum and the affirmative vote of a majority of all the members shall be necessary to adopt any motion, resolution or ordinance or pass any measure, unless otherwise provided for in this act," and hence it becomes plain that the affirmative vote of a majority of all members is necessary for any effective action by the commission.

Now without taking into consideration as to whether or not these provisions relied on by counsel of petitioner to sustain his contention have been repealed or at least modified by the Home Rule act of 1917 (*Pamph. L.* 1917, *p.* 319), as amended by chapter 163 of the laws of 1918 (*Pamph. L.* 1918, *p.* 478), and as decided by this court in *Public Service Railway Co.* v. *General Omnibus Co.,* 93 *N. J. L.* 344, it does not seem to us that the provisions above quoted with the exception of the one providing that where there is a vacancy it shall be filled by the remaining commissioners are applicable to the election of a commissioner where there is a vacancy. For it is quite obvious that the procedure to elect a commissioner to fill a vacancy cannot be properly classed under a procedure "to adopt any motion or resolution or ordinance, or pass any measure." An election partakes of

none of these administrative acts. It relates to a procedure to keep intact the governing body, as designed by the legislature. Where there is a vacancy it is not to be filled by a motion, resolution or ordinance or the passing of any measure, but by an election, according to parliamentary law, namely, a nomination for the office and a seconding of the nomination. Such was the procedure followed in the present case.

In the absence of a statutory declaration that in cities where the commission consists of five members there shall be an affirmative vote of three commissioners to fill a vacancy, or where the language of the statute permits an only inference to that effect, or where the statute is silent on the subject, as it appears to be in the present case, the common law rule must prevail, namely, that a majority of a quorum may lawfully fill such vacancy. After Mr. Flock's resignation there was still a quorum present who could lawfully elect a commissioner to fill a vacancy. This is practically conceded in the brief of counsel of petitioner. It is only because two votes were recorded in the affirmative and not three that an attack is made upon the validity of the election.

It is not pretended that the election of Mr. Earle was tainted with fraud.

It is apparent from the facts presented that it would not be for the best interests of the city of Long Branch to attempt to function with four commissioners, and it is quite evident that such a situation is likely to lead to much embarrassment in the proper transaction of necessary civic affairs by the board of commissioners, and, therefore, even though it appeared that there was irregularity in the election of Mr. Earle, the court, in the exercise of a sound discretion, will refuse to disturb the election.

It is well settled that the granting or withholding of leave to file an information at the instance of a private relator, making no claim to the office, rests in the sound discretion of the court, even where a good objection to the title of the person whose right is called in question is shown. *The State, ex rel. Mitchell,* v. *Tola,* 33 *N. J. L.* 195; *Van Riper* v. *Parsons,* 40 *Id.* (at *p.* 123); *Bolton* v. *Good,* 41 *Id.*

297; *Terhune* v. *Potts,* 47 *Id.* 221; *Roche* v. *Bruggeman,* 53 *Id.* 125; *Miller* v. *Seymour, supra.*

The application for or leave to file an information must therefore be denied, and the rule to show cause is discharged, with costs.