14 N.J. Super. 100 (1951)
81 A.2d 368
CHRISTINE MANNO AND CLARIBEL ELFREY, TRADING AS EL ZEBRA, PLAINTIFFS-APPELLANTS,
v.
CITY OF CLIFTON AND WILLIAM A. MILLER, MUNICIPAL MANGER OF THE CITY OF CLIFTON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 1951.
Decided May 25, 1951.
*101 Before Judges FREUND, DONGES and PROCTOR.
Mr. Samuel Heller argued the cause for the plaintiffs-appellants (Mr. William R. Brogan, of counsel).
Mr. John G. Dluhy argued the cause for the defendants-respondents.
The opinion of the court was delivered by FREUND, J.S.C.
The plaintiffs were charged with violation of the provisions of R.S. 33:1-77 and Rule No. 1 of State Regulations No. 20 of the Division of Alcoholic Beverage Control. A hearing on the charges was held by the municipal council of the City of Clifton, consisting of seven members, five of whom were present at the hearing. By a vote of three to two, the quorum of the municipal council found the plaintiffs guilty and ordered suspended for ten days the plenary retail consumption license previously issued to them.
The plaintiffs then filed a complaint in this court seeking an injunction restraining the defendants from interfering *102 with the license and that the defendants' resolution of suspension be declared null and void. Motions for summary judgment were made by both parties. After hearing judgment was entered dismissing the complaint, and the plaintiffs appeal.
The appellants argue that by virtue of R.S. 40:81-20 the affirmative vote of a majority of all seven members of the municipal council was necessary to suspend the license issued to the plaintiffs. Certainly, R.S. 40:81-20 is applicable to any act or measure taken by the governing body under the Municipal Manager Act when exercising the powers granted to it by R.S. 40:81-1 et seq. However, the statute ought not be construed so as to circumscribe other actions of the council. The common law rule which requires for valid action the affirmative vote of a mere majority of a quorum will prevail in the absence of a statutory provision. McQuillin (3d ed.), vol. 4, sec. 13.29, page 482. The legislative intent to limit the restrictions of R.S. 40:81-20 to cover only such municipal action as is taken under the Municipal Manager Act is obvious from the insertion in the statute of the words "except as otherwise provided by law."
In the instant case, the municipal council was not exercising any power granted to it by the Municipal Manager Act; it was acting pursuant to the provisions of the Alcoholic Beverage Control Act, R.S. 33:1-1 et seq., from which statute a municipality derives its power as the "other issuing authority," R.S. 33:1-19. The state-wide policy of the Legislature as evidenced by the Alcoholic Beverage Control Act governs the procedure applicable to municipal bodies acting as the "other issuing authority." The act contains no provision requiring a majority vote of all members for valid action. Accordingly, the common law rule applies. Hutchinson v. Belmar, 61 N.J.L. 443, 449 (Sup. Ct. 1898), affirmed 62 N.J.L. 450 (E. & A. 1898); Housman v. Earle, 98 N.J.L. 379 (Sup. Ct. 1922); Matthews v. Asbury Park, 113 N.J.L. 205 (Sup. Ct. 1934).
*103 There being no statutory restriction when acting under the provisions of R.S. 33:1-19, the municipal council of the City of Clifton was not required to pass the resolution of suspension by an affirmative vote of a majority of its seven members; the affirmative vote of a majority of the quorum present was sufficient for valid action.
Since the foregoing conclusion is dispositive of the appeal, it is unnecessary to consider whether the appellants should have exhausted their administrative remedies.
The judgment is affirmed.