COUNTRY CLUB TOWERS TENANTS' ASSOCIATION, PLAINTIFF-APPELLANT, v. COUNTRY CLUB TOWERS I AND II, TRADING AS B & K PROPERTIES, MUNICIPAL COUNCIL OF THE CITY OF CLIFTON, AND RENT LEVELLING BOARD OF THE CITY OF CLIFTON, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 23, 1984—Decided June 22, 1984.

Before Judges FURMAN and DEIGHAN.

*Anthony Fiorello* argued the cause for appellant (*Fiorello, Moraff & Foster,* attorneys).

*Martin Kesselhaut* argued the cause for respondent Country Club Towers I and II (*Ravin & Kesselhaut,* attorneys).

*Sam Monchak,* City Counsel, argued the cause for respondent Municipal Council of the City of Clifton.

PER CURIAM.

■ Plaintiff tenants' association appeals from a judgment upholding a decision of the Municipal Council of Clifton that its vote by three members to two to reverse a rent levelling board capital improvement surcharge was a nullity because less than a majority of all seven members of the council voted affirmatively. We affirm.

Clifton has a municipal manager form of government under *N.J.S.A.* 40:79–1 to 40:84–19. Pursuant to *N.J.S.A.* 40:81–20, a majority of all the members of the council is a quorum and the affirmative vote of a majority of all the members is "necessary to take any action or pass any measure, except as otherwise provided by law." We are cited no provision of statute law which would authorize an affirmative vote of a majority of a

quorum but of less than all the members of the council upon appellate review of a rent levelling board decision.

Plaintiff's argument on appeal is attenuated and, we conclude, unsound. The municipal authority to enact rent control ordinances derives from *N.J.S.A.* 40:48–2 of the Home Rule Act of 1917. *See Inganamort v. Bor. of Fort Lee,* 62 *N.J.* 521, 536 (1973). The Home Rule Act imposes no limitation on the common law rule that a majority of a quorum of a municipal governing body is sufficient to take action or to pass a measure. Because, in administering a rent control ordinance the council is exercising a power granted by the Home Rule Act, not by the Municipal Manager Act, plaintiff contends that the common law rule, not *N.J.S.A.* 40:81–20, should govern.

In our view, the flaws in plaintiff's argument are as follows. To begin with, the police power delegated to municipalities under the Home Rule Act was continued in the municipal council under the Municipal Manager Act, enacted in 1923. *N.J.S.A.* 40:81–9 provides:

> The municipal council shall be the governing body of the municipality and except as herein otherwise provided, shall have and possess all administrative, judicial and legislative powers and duties now had, possessed and exercised by the governing body of such municipality and all other executive or legislative bodies in such municipality, and shall have complete control and supervision over the affairs of the municipality to be exercised in the manner herein prescribed.

Plaintiff would construe the phrase "except as otherwise provided by law," which follows the requirement of a majority vote of the entire council membership in *N.J.S.A.* 40:81–20, as "except as otherwise provided by any specific statute or by common law when the council is exercising a power conferred originally by a statute which fails to provide a minimum voting formula."

That construction would limit the majority of the entire council membership requirement of *N.J.S.A.* 40:81–20 to internal administrative matters which the council is authorized to take action on pursuant to the Municipal Manager Act. It would nullify the statutory voting limitation whenever the

council was passing a measure or acting administratively or judicially in the exercise of its delegated police power under the Home Rule Act or in the exercise of any other delegated statutory power, unless, as in the Municipal Land Use Law, *N.J.S.A.* 40:55D–1 *et seq.*, the minimum voting formula incorporated in the legislation was identical to that in *N.J.S.A.* 40:81–20.

To the contrary, we construe the phrase "except as otherwise provided by law" in *N.J.S.A.* 40:81–20 as a limitation on the preceding definition of what constitutes a quorum and what constitutes a majority necessary for council action, without reference to and independent of the original legislative source of the power exercised by the council unless that legislative source prescribes expressly a different minimum voting formula. Nothing in *N.J.S.A.* 40:81–20 confines the majority of the entire council membership requirement to the exercise of powers conferred solely by the Municipal Manager Act.

We recognize that, in so construing *N.J.S.A.* 40:81–20, we may differ from *Manno v. City of Clifton*, 14 *N.J.Super.* 100 (App.Div.1951), which in the same city upheld a three to two vote suspending a retail liquor license under the Alcoholic Beverage Control Act, *N.J.S.A.* 33:1–1 *et seq.*, by applying the common law majority of a quorum rule. *Manno* may be read as limited to council action within its jurisdiction as the "other issuing authority" under *N.J.S.A.* 33:1–19.

In challenging the judgment below, plaintiff raises the additional issues that the capital improvement rental surcharge ordinance should be struck down as unconstitutional, that it should not have been applied retrospectively and that the rent levelling board misapplied it as a matter of law. We affirm as to those three issues substantially for the reasons stated by Judge Harvey Smith in his oral opinion of October 27, 1983.

We affirm.